JAMES BUTLER, Inc., v. DEEGAN et al.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

1. USE AND OCCUPATION (§ 3*)—RIGHT OF ACTION.
    Where a tenant sells his store business, and the buyers are informed by
    the landlord that he will not accept them as tenants and they so report to
    the seller, and he agrees to turn over the store and be liable for rent if
    they will pay him a certain sum, an assignee of the tenant cannot re-
    cover of the buyers for the use and occupation.

    [Ed. Note.—For other cases, see Use and Occupation, Dec. Dig. § 3.*]

2. USE AND OCCUPATION (§ 3*)—DEFENSES—ADMISSIBILITY OF EVIDENCE.
    Where buyers of the store business of a tenant are sued by the tenant's
    assignee on a claim against them for the use and occupation of the prem-
    ises before the expiration of the lease, and defendants testify that the
    landlord refused to accept them as tenants, and that on so reporting to the
    tenant it was agreed that he should turn over the store and that they
    should include the rent, which he had agreed to pay the landlord, as a
    part of the purchase money, evidence that they had fully paid the consid-
    eration agreed on was improperly excluded.

    [Ed. Note.—For other cases, see Use and Occupation, Dec. Dig. § 3.*]

Appeal from Trial Term, New York County.

Action by James Butler, Incorporated, against Edward Deegan and
another. From a judgment for plaintiff entered on a directed ver-
dict, defendants appeal. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, Mc-
LAUGHLIN, and SCOTT, JJ.

Magner & Carew, for appellants.
John H. Rogan, for respondent.

McLAUGHLIN, J. The complaint alleges that one James Butler
had a lease from the 15th of March, 1906, to the 15th of March, 1907,
of a portion of a building, a store, in which he was carrying on busi-
ness; that the defendants occupied the premises by permission of
Butler as his tenant from the 1st of April, 1906, to the 15th of March,
1907; that the use of said premises was reasonably worth $862.50,
no part of which had been paid by the defendants, though payment
had been demanded and refused; that on the 22d of June, 1907, and
prior to the commencement of this action, Butler, for a valuable con-
sideration, assigned his claim to the plaintiff, and judgment was de-
manded for that sum, with interest. The answer denied the material
allegations of the complaint, and specifically denied that there was due
the plaintiff the sum of $862.50, or any sum whatever.

At the trial it appeared from the testimony on the part of the plain-
tiff that on the 1st of April, 1906, Butler sold to the defendants his
business, and the defendants thereafter continued in possession of the
store during the time for which a recovery was sought; that the
rental value of the premises during that time was $75 a month; that
Butler's claim was assigned to the plaintiff, and defendants had not
paid anything for the use and occupation. From the defendant's tes-
timony it appeared that immediately prior to the purchase of the busi-

ness of Butler the defendants had a conversation with the landlord, and he would not accept them as tenants in place of Butler. They so reported to Butler and he thereupon said, if they would pay him $1,-043, he would turn over the store and would be liable for and pay the rent himself. This evidence was in no respect contradicted by the plaintiff. It therefore stands admitted so far as the record shows that the real transaction was as claimed by the defendants, and, if so, then the plaintiff could not recover for the use and occupation.

Various attempts were made to show that the full consideration of $1,043 had been paid prior to the commencement of the action. All of this evidence was excluded, apparently upon the theory that the defendants had not pleaded payment of rent in their answer. The contention was that the relation of landlord and tenant never existed; and it did not if the defendants' testimony were true. The defendants ascertained before they purchased the business carried on by Butler on the premises that the landlord would not accept them as tenants, but that he should continue to hold Butler as a tenant and they so reported to the latter, and thereupon, according to their testimony, it was arranged that the defendants should include the rent as a part of the purchase money for the store which he agreed to pay to the landlord. If it be true that this was the real transaction, then it is obvious they had a right to show they had fully paid the consideration agreed upon. The evidence showing this payment was improperly excluded, and the court erred in directing a verdict.

The judgment appealed from, therefore, is reversed and a new trial ordered, with costs to appellants to abide event. All concur.